# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

TRAVIS NICHOLAS GUERRERO,

Petitioner,

v.

ADRIENNE PARRY,

Respondents.

Case No. 3:25-cv-00763-ART-CSD

ORDER

*Pro se* Petitioner Travis Nicholas Guerrero has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and an Application to Proceed *In Forma Pauperis* ("IFP"). ECF Nos. 1, 4. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] The Court finds good cause exists to grant the IFP Application. For the reasons discussed below, the Court finds that the petition is unexhausted and federal abstention is required.

## Background

Guerrero is a pretrial detainee in custody at the Elko County Jail in Elko, Nevada. ECF No. 4 at 1. In his petition, Guerrero requests immediate dismissal of all charges and immediate release from custody. *Id.* at 7. According to Guerrero, he has been in custody for two and a half years without being allowed a bail reduction hearing, that his third competency evaluation was delayed, and that his trial date is set for June 2026. *Id.* at 6, 9-10. He alleges that his prolonged pretrial detention violates his Sixth Amendment right to a speedy trial. *Id.* at 9.

## Discussion

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

1

petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Guerrero's petition is subject to multiple defects. The petition improperly seeks federal judicial intervention in a pending state criminal proceeding. The *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). Irreparable injury does not exist if the threat to a petitioner's federally protected rights may be eliminated through his or her defense of the criminal case. *Younger*, 401 U.S. at 46.

In addition, it appears that his claims are wholly unexhausted. A state defendant seeking federal habeas relief must fully exhaust his state court remedies before presenting his constitutional claims to the federal courts. *E.g., Arevalo v. Hennessy*, 882 F.3d 763, 764–67 (9th Cir. 2018) (finding that California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court). The exhaustion requirement ensures that state courts, as a matter of federal-state comity, will have the first opportunity to review and correct

alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). As a general rule, a federal court will not entertain a petition seeking intervention in an ongoing state criminal proceeding absent extraordinary circumstances, even when a petitioner's claims were otherwise fully exhausted in the state courts. *E.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980).

No extraordinary circumstances are presented here. Guerrero's petition is dismissed without prejudice.

### Conclusion

**IT THEREFORE IS ORDERED:**

1. Petitioner Travis Nicholas Guerrero's petition for writ of habeas corpus (ECF No. 4) is dismissed without prejudice.

2. Petitioner's application to proceed *in forma pauperis* (ECF No. 1) is granted.

3. Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

4. The Clerk of the Court is directed to enter final judgment accordingly and close this case.

DATED THIS 10th day of April, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3